**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DASHON COVERTA STARKS,

      Petitioner,

v.                                                            Case No. 8:14-CV-1500-T-30MAP
                                                              Crim. Case No. 8:05-CR-478-T-30MSS

UNITED STATES OF AMERICA ,

      Respondent.

_____/

## O R D E R

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the motion (CV Dkt. 2).  A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States.  28 U.S.C. § 2255(b).

## PROCEDURAL BACKGROUND

Following a jury trial, Petitioner was found guilty of conspiracy to manufacture and possess with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute 5 grams or more of cocaine base, and manufacturing 5 grams of more of cocaine base, and was sentenced as a career offender to serve a term of 360 months imprisonment to

be followed by 8 years supervised release (CR Dkts. 48, 55, 67).  The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on January 24, 2007 (CR Dkt. 84). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied on April 8, 2009 (CR Dkts.  107, 108); *Starks v. United States*, Case No. 8:08-cv-617-T-30TGW (M.D. Fla. 2008).  Petitioner's second request for collateral relief was dismissed as an unauthorized second § 2255 motion (CR Dkt. 113); *Starks v. United States*, Case No. 8:12-cv-1324-T-30MAP (M.D. Fla. 2012).

## DISCUSSION

Petitioner now returns to this Court requesting the Court vacate his career offender enhancement pursuant to the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h).  *See also* 28 U.S.C. § 2244(b)(3)(A).  Because Petitioner has previously sought collateral relief pursuant to § 2255 which was denied, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion.  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir. 2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).  The § 2255 motion will therefore be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

2

ACCORDINGLY, it is **ORDERED** that:

1.      The motion to vacate, set aside, or correct an illegal sentence (CV Dkt. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2.      The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3.      The **Clerk** shall terminate all pending motions, close this case, and terminate from pending status the § 2255 motion (CR Dkts. 114, 115) filed in the corresponding criminal case number 8:05-CR-478-T-30MSS.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  When a district court dismisses a federal habeas petition on

3

procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 24, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record